UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID Q. WEBB,

        Plaintiff,

v.

KELLY BUSEY et al.,

        Defendants.

CASE NO. 3:22-cv-05397-TL

ORDER TO SHOW CAUSE, STRIKING MOTION TO REASSIGN CASE, AND DENYING MOTION FOR SERVICE BY U.S. MARSHAL

On June 1, 2022, Plaintiff David Q. Webb filed a proposed complaint against members of the Gig Harbor Police Department. Dkt. No. 1-1 at 2–3. Plaintiff Webb is bringing this case without an attorney (in other words, *pro se*). *See generally id.*

On June 3, 2022, Plaintiff Webb's motion to proceed *in forma pauperis* was granted because Plaintiff appears to financially qualify for that status pursuant to 28 U.S.C. § 1915(a)(1). Dkt. No. 4. In that order, the United States Magistrate Judge recommended review of the complaint under 28 U.S.C. § 1915 (e)(2)(B). *Id*. The Court is required to dismiss a case if it

determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Federal courts are courts of limited jurisdiction, meaning that they can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citation omitted). The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) where the parties are diverse (*e.g.*, residents of different states) and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

Plaintiff Webb had previously filed a case in this district against the same defendants (and others), *David Q. Webb v. Busey et al.*, 3:22-cv-05030, which was dismissed for failure to state a claim upon which relief could be granted. In that case, Plaintiff alleged causes of action under 42 U.S.C. § 2000(d), 42 U.S.C. § 1983, and the First, Fourth, and Fourteenth Amendments.

Here, Plaintiff also alleges causes of action under 42 U.S.C. § 2000(d) and 42 U.S.C. § 1983. Dkt. No. 1-1 at 3. Though Plaintiff's proposed complaint is difficult to follow due to its length and repetitiveness, it appears to raise substantially the same claims as those already dismissed in the previous case.

The Court ORDERS Plaintiff Webb to show cause why this matter should not be dismissed for failure to state a claim upon which relief can be granted. Plaintiff must explain how the claims in his proposed complaint differ from the claims he attempted to bring in Case Number 3:22-cv-05030. Specifically, Plaintiff should address (1) how this case differs from 3:22-cv-05030, and (2) how Plaintiff cured the deficiencies with the claims that the Court previously identified. Plaintiff shall file a response of no more than **three (3) pages** by **no later than September 1, 2022**.

The Court also STRIKES as moot Plaintiff's motion to reassign this case to the Honorable Tana Lin (Dkt. No. 6) and DENIES his Motion for Service by U.S. Marshal (Dkt. No. 10).

Dated this 11th day of August 2022.

*Tana Lin*
Tana Lin
United States District Judge