UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID Q. WEBB,

                    Plaintiff,

     v.

KELLY BUSEY, et al.,

                    Defendants.

CASE NO. 3:22-cv-05397-TL

ORDER DISMISSING CASE WITH PREJUDICE

       This matter comes before the Court upon *pro se* Plaintiff David Q. Webb's response (Dkt. No. 16) to the Court's order to show cause how the proposed complaint in this case (Dkt. No. 1-1) differs from the claims he attempted to bring in a previous case, *Webb v. Busey*, No. 3:22-cv-05030 (*Busey I*). Dkt. No. 14. Having reviewed the response, the records in the relevant cases, and the governing law, the Court DISMISSES the proposed complaint WITH PREJUDICE.

## I.    BACKGROUND

       On January 14, 2022, Plaintiff filed a motion to proceed *in forma pauperis* (IFP) in a previous case, No. 3:22-cv-05030. *Busey I*, Dkt. No. 1. A United States Magistrate Judge

1    re-noted the IFP application and explained that the complaint failed to state a claim and would be

2    subject to dismissal if the defects were not cured. *Busey I*, Dkt. No. 4. The Order provided very

3    specific details of the deficiencies and granted Plaintiff an opportunity to amend. *Id*. Plaintiff

4    filed an amended complaint (*Busey I*, Dkt. No. 5) but failed to cure the deficiencies, which were

5    detailed again in the Magistrate Judge's report and recommendation. *Busey I*, Dkt. 7. On May 16,

6    2022, a United States District Judge adopted the report and recommendation over Plaintiff's

7    objections (*Busey I*, Dkt. No. 8), denied his IFP application, and dismissed the case without

8    prejudice. *Busey I*, Dkt. No. 11. Plaintiff had separately appealed the denial of his IFP

9    application to the Ninth Circuit (*Busey I*, Dkt. No. 9), which denied his mandamus petition.

10   *Busey I*, Dkt. No. 13.

11          On June 1, 2022, Plaintiff filed a new IFP application and proposed complaint. Dkt. Nos.

12   1, 1-1. The complaint names five of the same Defendants as in *Busey I* and asserts several of the

13   same causes of action (this time explicitly including only claims under 42 U.S.C. § 1983 and 42

14   U.S.C. § 2000d (Title VI of the Civil Rights Act) but also including, on continuance sheets,

15   counts under the Fourth Amendment, the Fourteenth Amendment, and a state statute regarding

16   vicarious liability). *Compare* Dkt. No. 1-1 at 2–3, 5 *and* Dkt. No. 1-4 at 1, 11–16 *with Busey I*,

17   Dkt. No. 1-1 at 3, 7–8. On August 11, 2022, this Court issued an Order to Show Cause why this

18   case should not be dismissed for failure to state a claim, asking (1) how this case differs from

19   *Busey I*, and (2) how Plaintiff cured the deficiencies with the claims that the Court previously

20   identified. Dkt. No. 14 at 2.

21                                    **II.    DISCUSSION**

22          The Court appreciates Plaintiff's attempts to comply with Federal Rules of Civil

23   Procedure 8 by reducing the number of pages and defendants. *See* Dkt. No. 16 (response to order

24   to show cause) at 2; *see also Busey I*, Dkt. No. 7 at 3 (explaining that a complaint must contain

1   "a short and plain statement of the claim showing that the pleader is entitled to relief").[1]

2   However, while easier to follow, this newest complaint still does not allege the facts necessary to

3   state a claim for relief under either Title VI or Section 1983. Plaintiff's amended complaint is

4   brought against five defendants in their official capacities as employees of the Gig Harbor Police

5   Department. Dkt. No. 1-4 at 1, 7, 10–11. The complaint also confusingly contains references to

6   other "defendants," including one person who he alleges used a racial slur against him. *See id.* at

7   19.

8          All of Plaintiff's claims seem to center on two encounters with members of the Gig

9   Harbor Police Department. He first alleges that the police refused to act against a white woman

10   whom they witnessed taking two new iPhones from Plaintiff, taking automobile registration

11   documents out of Plaintiff's car, and keying Plaintiff's car. Dkt. No. 1-4 at 8–9. He also alleges

12   an encounter with police at a vehicle licensing agency. While difficult to piece together, it

13   appears that Plaintiff is alleging that after he spoke to a Gig Harbor Chamber of Commerce

14   employee while at the agency, she informed him that she had nothing to say to "You [N word],"

15   she then called the police claiming stalking/harassment, and the police illegally detained

16   Plaintiff. *Id.* at 9, 17–18. Plaintiff further contends that one of the police defendants participated

17   in a malicious prosecution of Plaintiff Webb by the Kitsap County Prosecutor. *Id.* at 20.

18   **A.     Title VI Claim**

19          To prove Title VI discrimination, a private party must demonstrate that they were

20   subjected to intentional discrimination due to "race, color, or national origin" by a "program or

21   activity receiving Federal financial assistance." *Yu v. Idaho State Univ.*, 15 F.4th 1236, 1242 (9th

22   Cir. 2021) (quoting 42 U.S.C. § 2000d). Plaintiff asserts that the police department has a history

23

24   _____
[1] Meanwhile, Plaintiff's response to the order to show cause exceeds the three-page limit the Court provided. *See* Dkt. No. 16 (six pages long); Dkt. No. 14.

1    of using excessive force against people of color and that the city government has been engaged

2    in intentional discrimination based on Plaintiff's race, color, and national origin as an African

3    American male. Dkt. No. 1-4 at 7–8. However, as before (*see Busey I*, Dkt. No. 7 at 4), Plaintiff

4    does not show that the defendants were motivated to discriminate against him due to his race,

5    color, or national origin. The alleged racial slur was not uttered by police officers but by the

6    employee of the Chamber of Commerce which is a private entity, and there is simply no

7    evidence that the police officers treated Plaintiff differently or worse because he is African

8    American.

9    **B.    Fourth Amendment Claim**

10           To determine whether an excessive force claim has been stated under the Fourth

11   Amendment, a court considers "whether the officer's actions were objectively reasonable in light

12   of the facts and circumstances confronting them." *Chang v. Vanderwielen*, 2022 WL 7048122, at

13   *5 (W.D. Wash. Oct. 12, 2022) (quoting *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1151

14   (9th Cir. 2022)). This analysis involves an assessment of a number of factors such as the severity

15   of the intrusion, the type and amount of force used, and whether the suspect posed a safety threat.

16   *See id.* (citing *Williamson*, 23 F.4th at 1152–53). Plaintiff has not provided enough information

17   for the Court to be able to engage in this kind of analysis. He does not even describe what degree

18   of force was used by the officers in arresting him, let alone explain how that amount of force was

19   excessive in light of the circumstances. *See* Dkt. No. 1-4 at 12.

20   **C.    Fourteenth Amendment Claim**

21           As with the previous complaints (*Busey I*, Dkt. Nos. 1-1 at 27–28, 5 at 32–33), Plaintiff

22   has not explained how he has made out a Fourteenth Amendment claim against the officers. Dkt.

23   No. 1-4 at 15–16. This Count simply incorporates his previous allegations without further

24   explanation. *Id.* His response to the order to show cause explains that the defendants violated his

1   Fourteenth Amendment rights via the same "illegal Detainment" already challenged

2   "incorporating the exact same verbiage" from his Fourth Amendment claim. Dkt. No. 16 at 5.

3   The Court is not able to make sense of this claim.

4   **D.      Section 1983 Claim**

5           To state a claim under 42 U.S.C. § 1983, a plaintiff must show "(1) a violation of rights

6   protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct

7   of a 'person' (4) acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th

8   Cir. 1991) (citations omitted). Plaintiff insists that his new complaint sets forth how the five

9   named defendants were acting under color of state law to intentionally discriminate against him

10  in violation of the Fourth and Fourteenth Amendments due to his status as an African American

11  male. Dkt. No. 16 at 2. Yet Plaintiff has failed to show those constitutional violations and, as

12  already discussed, largely repeats the same claims from his previously dismissed case.

13  **E.      State Law Vicarious Liability Claim**

14          Per 28 U.S.C. § 1367, a district court may exercise supplemental jurisdiction over state

15  law claims when it has original jurisdiction over a civil action. *Colvin v. Young*, No. C14-1962,

16  2015 WL 1808900, at *5 (W.D. Wash. Apr. 21, 2015). Once a lawsuit's federal claims are

17  dismissed, a federal court cannot retain jurisdiction over any remaining state law claims. *Scott v.*

18  *Pasadena Unified School Dist.*, 306 F.3d 646, 664 (9th Cir. 2002). Here, the Court has not

19  identified any adequately pled federal claims that would survive dismissal and cannot retain

20  jurisdiction over the state law claims alleged in the complaint. The Court has reservations about

21  whether Plaintiff has adequately stated a claim under RCW 18.86.090 but does not reach this

22  claim because it does not have jurisdiction to rule on it.

23

24

**F.       Denial of Leave to Amend**

Plaintiff Webb has already had multiple opportunities to cure these deficiencies and file an amended complaint that more specifically alleged facts supporting his legal claims. *See Busey I*, Dkt. Nos. 1-1, 5. His response to the order to show cause does not provide any further factual detail. *See* Dkt. No. 16. Plaintiff has had multiple opportunities to amend his complaint to state a federal claim but has failed to do so and it would be futile to provide further opportunities for amendment. *See Saddiq v. Amazon.com*, 857 F. App'x 281, 282 (9th Cir. 2021); *see also McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) (no abuse of discretion found where district court dismissed a complaint without leave to amend "after notifying [the plaintiff] of the deficiencies in his pleadings, advising him how to correct them, and affording him multiple opportunities to amend his complaint"), *cert. denied*, 552 U.S. 1117 (2008), (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), *cert. denied*, 506 U.S. 915).

### III.   CONCLUSION

For the above reasons, the Court DISMISSES all claims in this case WITH PREJUDICE (*i.e.*, without leave to amend). The Clerk of Court is directed to CLOSE this case.

Dated this 7th day of November 2022.

Tana Lin
United States District Judge